UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY LEWIS,<br><br>    Plaintiff,<br><br>vs.<br><br>M.D. BITTER, et al.,<br><br>    Defendants. | 1:19-cv-01094-LJO-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED AS DUPLICATIVE OF CASE 1:19-cv-00840-BAM-PC**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS** |

## I. BACKGROUND

Terry Lewis ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on August 12, 2019. (ECF No. 1.) On September 16, 2019, Plaintiff lodged the First Amended Complaint. (ECF No. 6.)

The Court finds that this case is duplicative of another pending case filed by Plaintiff on May 3, 2019, and therefore recommends that this case be dismissed.

## II. DUPLICATIVE CASES

"District courts retain broad discretion to control their dockets and '[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal.'"

1

Adams v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007) (quoting Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam)). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams, 497 F.3d at 688 (citing see Curtis v. Citibank, N.A., 226 F.3d 133, 138–39 (2d Cir. 2000); Walton v. Eaton Corp., 563 F.2d 66, 70–71 (3d Cir. 1977) (en banc), cited with approval in Russ v. Standard Ins. Co., 120 F.3d 988, 990 (9th Cir. 1997)).

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams, 497 F.3d at 688 (quoting Walton, 563 F.2d at 70; see also Curtis, 226 F.3d at 138–39; Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223–24 (7th Cir. 1993)).

In assessing duplicative lawsuits, "we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Adams v. California Dep't of Health Servs., 487 F.3d 684, 689 (9th Cir. 2007). "Under the first part of the duplicative action test, [t]o ascertain whether successive causes of action are the same, [a court should] use the transaction test, developed in the context of claim preclusion [and articulated in Adams]." In re Consol. Salmon Cases, 688 F. Supp. 2d 1001, 1007 (E.D. Cal. 2010) (internal quotation marks omitted). "[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." Morris v. Mini, No. 212CV1774TLNDMCP, 2019 WL 3425277, at *10 (E.D. Cal. July 30, 2019) (quoting Adams, 487 F.3d at 689 (internal quotation marks omitted).

## III. DISCUSSION

Plaintiff has two civil rights cases pending before this Court. The first case was filed on May 3, 2019, as case number 1:19-cv-00840-BAM-PC (Lewis v. Bitter, et al.) ("Lewis I"). Lewis I names as defendants M.D. Bitter, Correctional Officer Herrera, Sanchez (Laundry Lady), and the California Attorney General.

///

The second case is the present case, case number 1:19-cv-01094-LJO-GSA-PC (<u>Lewis v. Bitter, et al.</u>) ("<u>Lewis II</u>"), filed on August 12, 2019. <u>Lewis II</u> names as defendants M.D. Bitter, Kern Valley State Prison, and Pelican Bay State Prison.

Both cases contain Plaintiff's allegations that KVSP neglected to do the inmates' laundry on a weekly basis causing Plaintiff to contract a flesh-eating bacterial infection. Both cases also allege that Pelican Bay State Prison discriminated against Plaintiff by dressing inmates in pink clothing to deter them from returning back to administrative segregation. <u>Lewis II</u> also contains allegations that Correctional Officer Herrera negligently targeted Plaintiff with a racial slur in front of other inmates, causing Plaintiff emotional distress.

On September 16, 2019, Plaintiff submitted a proposed amended complaint to the court bearing the case numbers of both of Plaintiff's cases. The proposed amended complaint names as defendants M.D. Bitter (Warden, KVSP), Ms. Sanchez (Laundry Lady), Correctional Officer Herrera, and Pelican Bay Ad. Seg. Prison. Plaintiff alleges, in part, that KVSP was not washing inmates' clothing on a weekly basis, and Plaintiff contracted a severe flesh-eating bacterial infection; that Pelican Bay State Prison discriminated against Plaintiff by dressing inmates in pink clothing to deter them returning back to administrative segregation; and, that defendant Correctional Officer Herrera negligently targeted Plaintiff with a racial slur in front of other inmates, causing Plaintiff emotional distress. Plaintiff requests monetary damages as relief.

On September 16, 2019, the proposed amended complaint was lodged in both <u>Lewis I</u> and <u>Lewis II</u>. (<u>Lewis I</u>, ECF No. 20; <u>Lewis II</u>, ECF No. 6.) Therefore, the same, identical proposed amended complaint is now lodged in both cases. As discussed above, the proposed amended complaint names defendants and alleges claims from both <u>Lewis I</u> and <u>Lewis II</u>. Based on these facts, the court finds the present case, <u>Lewis II</u>, to be duplicative of Plaintiff's other case, <u>Lewis I</u>. Because the present case, <u>Lewis II</u>, was filed after <u>Lewis I</u> was filed, it will be recommended that the present case be dismissed. Dismissal of <u>Lewis II</u> will combine Plaintiff's defendants and claims from both cases in <u>Lewis I</u>, causing no prejudice to Plaintiff.

///

**IV.     CONCLUSION AND RECOMMENDATIONS**

The Court finds that the present case is duplicative of case 1:19-cv-00840-BAM-PC Lewis v. Bitter, et al.).

Therefore, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. This case be DISMISSED as duplicative of case 1:19-cv-00840-BAM-PC (Lewis v. Bitter, et al.); and

2. The Clerk be directed to administratively CLOSE this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **September 26, 2019**                    **/s/ Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE