UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY LEWIS, | 1:19-cv-01094-NONE-GSA-PC |
| Plaintiff, | **ORDER DENYING MOTION FOR RELIEF FROM FILING FEE (ECF No. 14.)** |
| vs. | |
| M.D. BITTER, et al., | |
| Defendants. | |

**I.    BACKGROUND**

Terry Lewis ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on August 12, 2019.  (ECF No. 1.)  On November 4, 2019, this case was dismissed as duplicative of an earlier-filed case.  (ECF No. 13.)

On March 6, 2020, Plaintiff filed a motion for relief from the filing fee in this case.  (ECF No. 15.)  No opposition has been filed.

**II.    MOTION FOR REIMBURSEMENT OF FILING FEES**

"Filing fees are part of the costs of litigation," and prisoner cases are no exception. Slaughter v. Carey, No. CIVS030851MCEDADP, 2007 WL 1865501, at *1 (E.D. Cal. 2007) (quoting Lucien v. DeTella, 141 F.3d 773, 775 (7th Cir. 1998)).  Filing fees for initiating a lawsuit in district court are authorized by 28 U.S.C. § 1914.  Duclairon v. LGBTQ Cmty. & Grace Cmty.

1

Church Klan, No. 3:18-CV-01095-AC, 2018 WL 5085754, at *1 (D.Or. Oct. 17, 2018) citing see Green v. Bank of America, No. 2:12-cv-02093-GED-CKD PS, 2012 WL 5032414, at *1 (E.D. Cal. Oct. 17, 2012) (denying refund of filing fee after *pro se* plaintiff voluntarily dismissed complaint under Rule 41 (a)).  The Prison Litigation Reform Act has no provision for return of fees that are partially paid or for cancellation of the remaining fee.  Slaughter, 2007 WL 1865501, at 1 (citing see Goins v. Decaro, 241 F.3d 260, 261-62 (2d Cir. 2001) (inmates who proceeded *pro se* and *in forma pauperis* were not entitled to refund of appellate fees or to cancellation of indebtedness for unpaid appellate fees after they withdrew their appeals)).  In fact, "[a] congressional objective in enacting the PLRA was to 'mak[e] all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.'"  Goins, 241 F.3d at 261.  Nothing in the statute, or any other statute, provides for the refund of a filing fee for any reason.  Plaintiff does not identify, nor does the court find, any precedent permitting the court to refund filing fees under these circumstances.

### III. PLAINTIFF'S MOTION

Plaintiff requests a court order excusing him from paying the filing fee for this case arguing that he is paying the filing fee twice for the same case.

Plaintiff's motion follows in its entirety:

> See Judge.  I only get 50 dollars my mom sends me out of her SSI check. I let two kids put their funds on my account, kids killing themselves with overload restitution in excess of $30 thousand.  I didn't know the courts would charge me twice GSA.  I paid it off.  (Skipped canteen).  Paid fee out of my food and gave these kids their canteen in honor.  Can you call Lancaster and restore my funds so I can eat.  I'm skin and bones skinny.  Thanks.

(ECF No. 15.)

Plaintiff submits exhibits showing his previous requests to the court and to Lancaster State Prison, where he is currently incarcerated, to be reimbursed for money he contends was overpaid by deductions from his prison trust account.  He claims that the court ordered the prison not to deduct filing fee payments for both of his cases, but the prison refuses to reimburse him.

## IV. DISCUSSION

The court finds no good cause to excuse Plaintiff from paying the filing fee for both cases. First, the court finds no order in either of his cases doing any of the following: 1- excusing his payment of two filing fees, 2- directing the prison to stop payment to the court, or 3- directing the prison to reimburse Plaintiff.  Second, Plaintiff has not sufficiently explained why he is not getting enough to eat, assuming that he is being served regular meals in prison.  Third, it is apparent from the court's record that Plaintiff did not accidently file a duplicative case and was not aware that he would owe another filing fee.   On May 3, 2019, Plaintiff filed the first case at the U.S. District Court for the Southern District of California.  Thereafter, on June 16, 2019, the case was transferred to this court and assigned case number 19-cv-0840-BAM-PC (Lewis v. Bitter).  Then, on August 12, 2019, Plaintiff filed the second case at this court using a new complaint, which was assigned case number 19-cv-1094-GSA-PC (Lewis v. Bitter).   In both cases Plaintiff submitted applications to proceed *in forma pauperis* and signed authorizations for the prison to collect the filing fee from his trust account and forward it to the court.  (Case 19-0840, ECF No. 3 at page 4; Case 19-1094, ECF No. 7 at page 2.)  On these facts the court finds no good cause to grant Plaintiff's motion for relief from the filing fee.

## V. CONCLUSION

Therefore, IT IS HEREBY ORDERED that:

1.   Plaintiff's motion for relief from the filing fee, filed on March 6, 2020, is DENIED; and

2.   The court shall not reconsider this order, or consider any further motions in this case concerning Plaintiff's payment of the filing fee.

IT IS SO ORDERED.

Dated:   **June 12, 2020**                    **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE